Supreme Court in the first judicial department over-ruling plaintiff's exceptions, ordered to be heard in the first instance by the Appellate Division, and directing a dismissal of the complaint upon the judgment at the Trial Term. The action was to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. While crossing the defendant's railway tracks after dark, at a grade crossing of a highway in the State of New Jersey which was unguarded by lights, gates or flagman, he was struck by a freight car which had no light upon it and which was being pushed by an engine which was between it and other freight cars, and received the injuries complained of. The trial court dismissed the complaint at the close of plaintiff's case on the ground that he had not shown that he was free from contributory negligence. Appellant contended the court might not determine the question as a matter of law but was bound to leave it to the jury in accordance with the law of New Jersey where the accident happened.

*Lyman A. Spalding, Edward W. Norris* and *Theodore H. Lord* for appellant.

*Clifton P. Williamson* ˙and *Edward W. Bourne* for respondent.

Judgment affirmed, with costs; no opinion.

. Concur: HISCOCK, Ch. J., McLAUGHLIN, CRANE and LEHMAN, JJ. Dissenting: POUND and ANDREWS, JJ. Not voting: CARDOZO, J. _____

EMIL H. BURGENS et al., Respondents, *v.* HERBERT E. ORR et al., Appellants.

*Equity — principal and agent — contract — accounting — injunction — action to set aside an agency and other contracts, for an accounting, to recover the· value of dirt and stone removed from real property and to enjoin defendants from acting under said contracts.*

*Bergens* v. *Orr*, 214 App. Div. 811, affirmed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department,

entered July 9, 1925, modifying and affirming as modified a judgment in favor of the plaintiffs entered upon a decision of the court on trial at an Equity Term. The action was to annul and cancel of record in Erie county clerk's office a certain agency contract made by respondents and appellant Herbert E. Orr, dated August 1, 1923, and also fifty-eight alleged contracts made by said Orr with the other appellants except the Buffalo Realty Associates, Inc., after he had been discharged by the plaintiffs for alleged repeated breaches of said contract; for an accounting by said Orr and said Buffalo Realty Associates, Inc., and the return of a certain deed, searches and surveys; to obtain a judgment against said Orr for dirt and stone alleged to have been taken from the property of the plaintiffs without the consent of and for which he did not pay the plaintiffs, and to obtain an injunction against each of the defendants, enjoining them from acting or attempting to act under and by virtue of said agency contract and said contracts made by Orr as the alleged authorized agent of the plaintiffs, and exercising or attempting to exercise any right to or control over the property mentioned in said agency contract.

*E. L. Dominick* and *Marcus D. Boarman* for appellants.
*H. H. Bacon* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

FREDERICK W. HANSON, Respondent, *v.* McGRAW-HILL
Co., INC., Appellant.

*Negligence — elevators — injury by being struck by descending elevator — contributory negligence question of fact for jury.*

*Hanson v. McGraw-Hill Co., Inc.*, 213 App. Div. 873, affirmed.

(Argued January 14, 1926; decided February 24, 1926.)

APPEAL, by permission, from a judgment entered April 30, 1925, upon an order of the Appellate Division of the Supreme Court in the second judicial department, which